Wyatt HERROD, Individually and on behalf of all other persons similarly situated, Plaintiff,

v.

PEOPLES DRUG STORES, INC., Defendant.

Civ. A. No. 75–0600.

United States District Court, District of Columbia.

Sept. 20, 1976.

Robert B. Fitzpatrick, Karin P. Sheldon, David R. Cashdan, Washington, D. C., for plaintiff.

John H. Mudd, H. Thomas Howell, Richard T. Sampson, Lynne A. Battaglia, Baltimore, Md., Thomas D. Quinn, Jr., Washington, D. C., James N. Schwarz, Alexandria, Va., for defendant.

George A. Ross, Bill L. Smith, Robert J. Hallock, Washington, D. C., for District Unemployment Compensation Board.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

This is a Title VII racial discrimination suit. At this juncture, two questions are ready for decision:

(1) Whether the magistrate correctly recommended that the Court should, in the exercise of its power under Rule 37(a)(4) of the Federal Rules of Civil Procedure or of its inherent power, grant motions for damages filed by both parties against a nonparty, the D.C. Unemployment Compensation Board; the Board is an instrumentality of the D.C. government;

(2) Whether the Court should certify this suit as a proper class action.

### I. The Damages Issue

The plaintiff in this case is Wyatt Herrod, a black who was formerly employed by the defendant Peoples Drug Stores, Inc. ("Peoples"), in the District of Columbia. On April 16, 1973, Peoples discharged him, and one month later, the D.C. Unemployment Compensation Board granted his claim for unemployment benefits. Peoples immediately appealed this decision administratively, and in June of 1973, the Board held an oral hearing regarding the circumstances of the discharge. The testimony at the hearing was tape-recorded but never transcribed. After the hearing, the Board affirmed its earlier decision.

Over a year after the hearing, the plaintiff brought suit in U.S. District Court in Maryland under Title VII. He alleged that Peoples had discriminated against him and other people similarly situated because they are black.

As part of the plaintiff's discovery in this case, he subpoenaed the records of the oral hearing before the D.C. Unemployment Compensation Board. Peoples did not object.

Without looking to see if the records existed, the Board simply moved to quash the subpoena on the ground that the records were privileged under D.C.Code § 46–313(f) (1973). That section provides that:

> Except as hereinafter otherwise provided, information obtained from any employing unit or individual pursuant to the administration of this chapter and determinations as to the benefit rights of any individual shall be held confidential and shall not be disclosed or be open to public inspection in any manner, whether by subpoena or otherwise, revealing the individual's or employing unit's identity. Any claimant (or his legal representative) shall be supplied with information from the records of the division, to the extent necessary for the proper presentation of his claim in any proceeding under this chapter with respect thereto. . . .

The statute then goes on to list a number of federal and state agencies which may nevertheless be entitled to some or all of the information.

█ It is clear that this statute was never intended to deny the records of the proceedings to the very parties who were involved in the proceeding. But the Board either did not bother to look to see who was making the request or did not think that fact significant.

The dispute that ensued over whether the Board had to turn over these records gener-

ated a fair amount of legal argument; in part, it resulted in the case being transferred to this Court from district court in Baltimore. Eventually, this Court referred the question to Magistrate Dwyer.

Sometime before she reached her decision, however, the Board for some reason decided to see if any of the records the plaintiff was seeking in fact existed. To its surprise, it discovered that the tape recordings of the oral hearing, which composed nearly the entire record, had been erased, probably in June of 1974, some five months before the plaintiff had first asked to see them. The Board apparently thinks it was then that the recordings were erased because it is its policy to erase the tapes a year after the hearing takes place.

Magistrate Dwyer subsequently recommended an order that the remainder of the records be turned over to the plaintiff. Apparently these consist of a few pieces of paper, none of which is useful for the law suit.

Both parties thereafter petitioned Magistrate Dwyer for an award of attorneys' fees, court costs, and other damages they have incurred as a result of the D.C. Unemployment Compensation Board's conduct. The theories relied on are these:

(1) Rule 37(a)(4) of the Federal Rules of Civil Procedure authorizes an award of damages such as are asked for here where a deponent has wrongfully withheld certain information; the deponent Board has wrongfully withheld the few records that it eventually handed over.

(2) The Court has the inherent power to award damages against a deponent who acts wrongfully, and the deponent Board has acted wrongfully in failing at the outset to check to see if the records which were the primary concern to the plaintiff still existed.

Magistrate Dwyer was understandably outraged at the conduct of the Board and recommended that damages be awarded on either theory. The Court shares her feelings, but it has concluded that it is prevented from granting the remedy the parties seek.

█ As this Court has indicated recently in *D.C. Federation of Civic Associations v. Volpe,* 71 F.R.D. 206 (D.C.D.C., filed April 30, 1976), the Court must be extremely reluctant to grant money awards against the D.C. government or one of its instrumentalities without the express guidance of Congress. The parties have suggested that Rule 37(a)(4) of the Federal Rules of Civil Procedure is congressional authorization an award of damages against the Board for its negligent raising of the argument of privilege. That portion of the Rule provides as follows:

If the motion [to compel discovery] is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Certainly, the Rule is general enough to allow a court to consider before awarding damages how great an infringement such an award would have on the legislative freedom of the District of Columbia government. But more to the point, the Rule is so general that the Court doubts very strongly that questions of sovereign immunity were considerations in drafting it.

█ The parties have not referred the Court to any other provision which would authorize the Court to grant the relief they seek. In this case at least, where the parties likely would have avoided any injury had they specifically asked the Board to see if the records sought existed, the Court is compelled to deny relief.

## II. The Class Certification Issue

The specific allegations that the plaintiff Herrod has made against the defendant Peoples are as follows:

(1) Peoples discharged him because he is black;

(2) Peoples has refused to hire black job applicants for work at its stores in white or predominantly white neighborhoods;

(3) Peoples has refused to initially assign or transfer its black employees to its stores in white or predominantly white neighborhoods;

(4) Peoples has maintained a practice of assigning and transferring its black employees to stores in black or predominantly black neighborhoods;

(5) Peoples has refused to hire black job applicants for, or promote black employees to, the positions of assistant store manager, store manager, and district manager.

 Clearly, only the last four of these claims would be applicable to a class of people. Since Herrod is no longer employed by Peoples, it appears that there are only two ways in which he might claim a personal interest in these alleged policies. The first would be if he should show that he was psychically injured by these policies when he was employed by Peoples. Passing over the question of whether that is a recognizable injury, the Court does not believe that this would give the plaintiff a sufficient stake in these claims to justify letting him represent the entire class of people who might be substantially affected by these alleged policies.

The second way that he might have an interest would be if he should in fact show that he was wrongfully discharged, that he should be rehired, and that he needs these policies removed in order to advance in the Peoples' organization. But courts rarely, if ever, order an employer to rehire an employee, and the plaintiff has not asked for this remedy.

In sum, the Court holds that there is no basis on which to say that the plaintiff will adequately represent these class claims.

### III. Order

Accordingly, it is this 20th day of September, 1976,

ORDERED that the parties' motion to assess damages against the deponent D.C. Unemployment Compensation Board be, and the same hereby is, denied; and it is

FURTHER ORDERED that the plaintiff's motion for certification of this case as a proper class action be, and the same hereby is, denied.