**Peter SOTABINDA, Plaintiff,**

v.

**HOTEL LOMBARDY, et al., Defendants.**

**Civil Action No. 96–02118 (SS).**

United States District Court, District of Columbia.

May 16, 1997.

**6**

Shannon M. Salb, Lippman & Associates, Washington, DC, for plaintiff.

Joseph S. Crociata, Gilberg & Kurent, Washington, DC, for defendants.

## MEMORANDUM OPINION & ORDER

SPORKIN, District Judge.

On April 8, 1997, the Court issued an Order requiring, in part, that "Defendants ... produce ... for *in camera* review all documents submitted by Plaintiff or Defen- dants to the District of Columbia Depart- ment of Employment Services regarding Plaintiff's claim for unemployment compensa- tion." The Defendants have now produced to the Court *in camera*, copies of documents they submitted to the D.C. Department of Employment Services.[1]

Defendants claim that they should not be required to disclose the documents to the Plaintiff because such submissions are privi- leged pursuant to D.C.Code §§ 46–114(f) and 46–118(b). D.C.Code § 46–114(f) protects the confidentiality of materials submitted by employers or employees in unemployment compensation proceedings. D.C.Code § 46– 118(b) sets penalties for disclosure of any sworn or unsworn reports submitted by an employer or for violation of D.C.Code § 46– 114(f).

As a preliminary matter, a plain reading of these statutory provisions makes clear that they address the disclosure of privileged ma- terials by the government agency, itself, and not disclosure by the person who actually submitted the documents.[2] The purpose of the statute is to protect the confidentiality of material submitted to the agency, particular- ly proprietary information. Clearly, the per- son or corporation who prepared and submit- ted the materials has the right to share them with anyone.

This is a Federal action in Federal court, governed by Federal discovery rules, not the D.C.Code. The D.C. statute cannot shield the Defendants from the consequences of the discovery rules. The central issue in most Title VII cases is the employer's reason for taking an adverse action against the employ- ee. In this case, Plaintiff claims, *inter alia*, that he was wrongfully terminated by the Defendants. Defendants submissions to the D.C. Department of Employment Services explaining why they terminated the Plaintiff go directly to this issue. Accordingly, Plain- tiff has a right, in the context of this proceed-

---

1. Although the Court accepted the documents for *in camera* review, other than general reference to their subject matter, the Court has not consid- ered the substantive contents of the documents in reaching its decision.

2. Accordingly, if the agency is faced with a sub- poena it can look to the statute to determine whether it can turn over the documents. *See, e.g., Herrod v. Peoples Drug Stores,* 417 F.Supp. 747 (D.D.C.1976) (interpreting D.C.Code § 46– 114(f) where Department of Employment Ser- vices moves to quash subpoena arising out of in Title VII action).

ing, to see the documents and defendants will be ordered to disclose them.

The Court is sensitive to the fact that D.C.Code §§ 46–114(f) and 48–118(b) protect against disclosure of proprietary information about a business entity. In order to carry out the spirit of these provisions, and to protect the Defendants to the greatest extent possible, the Court will order that if Plaintiff wants to disclose said documents to third parties, he must first seek leave of the Court.

Accordingly, it is hereby

**ORDERED** that Defendants provide to Plaintiff copies of:

1. the December 9, 1994 letter from Hotel Lombardy to D.C. Department of Employment Services with attachment; and

2. the July 17, 1995 letter from Hotel Lombardy to Chief, Office of Appeals and Review, D.C. Department of Employment Services; and it is further

**ORDERED** that Plaintiff shall not share or discuss the contents of the documents with any other person, other than the Defendants, without leave of the Court.